November 21, 1910.

———o———

5100.

(Court of Appeal, Parish of Orleans).

## TRIPO COLOVICH vs. NATIONAL FISH AND OYSTER CO.

Where a suit is brought for the use of the real parties in interest by a plaintiff duly authorized to bring it, and where the defendant is not deprived of any of his means of defense and will be protected by the judgment, the action will be maintained notwithstanding that technically the party before the court may not be strictly the proper plaintiff in the case.

Appeal from the Civil District Court, Division "D."

John Dymond, Jr., for plaintiff and appellee.

Foster, Milling, Brian & Saal, for defendant and appellant.

ST. PAUL, J.—Tripo Colovich was the master of the Schooner Mary K., of which he was also half-owner with

— 47 —

his brother, Costo Colovich, and one Frank Saubat was a member of the crew. These three manned the boat; they fished oysters which they sold and the net proceeds were divided between them. The business was transacted by Tripo Colovich in the name of "Schooner Mary K."

Oysters were sold and delivered to defendant of the value of $185.85 for which defendant refused to pay on the ground that they were not up to the grade represented. But the evidence shows that the oysters were not only fully up to grade, but that the price offered by defendant, after inspection, was above the price expected by plaintiff, and that a still higher price was offered if plaintiff would consent to return for another catch.

This, defense is, therefore, now abandoned, and the defense now urged is that the suit is not brought by the proper plaintiff.

The suit was originally brought by Tripo Colovich "master and owner of the Schooner Mary K.," but praying for only a judgment in favor of himself individually.

Defendant answered that it was not indebted to Tripo Colovich individually in any sum whatever, but that the oysters were purchased from a partnership which at the time was operating the Schooner Mary K.

Hereupon plaintiff amended, setting up the facts as above recited, averring that if any authorization was needed he was authorized by both Costo Colovich and Frank Saubat to sue for any sums due the Schooner Mary K., and praying that he have judgment "as master of the Schooner Mary K." This amendment was not objected to.

Whatever objection may be to the original petition, we think the same has been fully cured by the amended petition. Plaintiff therein alleges that his suit is authorized by all parties in interest and his prayer is for a judg-

ment in favor of himself "as master of the Schooner Mary K." that is to say in favor of the Schooner Mary K., from whom the oysters were purchased.

Defendant relies principally on the case of **B .J. Wolf & Sons vs. Tailor-Made Pants Co., 52 An. 1363,** but that case is not in point, so far at least as effects the supplemental petition herein. That was a suit brought by the individual members of a firm for a debt due the partnership and praying for a judgment in favor of themselves individually; they no where set up that their appearance was on behalf of the partnership nor did they pray for judgments in its favor. Says the Court, at page 1368:

"Plaintiffs recite the fact that they were conducting a commercial business under the firm name of B. J. Wolf & Sons, but they do not declare that in appearing in the suit they do so in their capacities as partners of the partnership, and as collectively representing and bringing · the partnership into court."

But in the case at bar plaintiff clearly appears as "Master of the Schooner Mary K.," and in the supplemental petition clearly asks for judgment in favor of the "Schooner Mary K.," the name in which the partnership did business, if any partnership there were.

The suit is brought with the full knowledge, consent and authority of the associates.

We do not question the correctness of the decision in the Wolf Case, but that it is highly technical is recognized by the court itself, when in the next paragraph, but one after that above quoted, it expresses regret at the necessity for dismissing a suit brought in a form so long and so universally acquiesced in by both bench and bar.

Accordingly in some later cases we find the court taking a more liberal view of pleadings. Thus in **Lejeune vs. Vaufrey Sugar Co., 123 La. 871,** plaintiff sued for defendant's breach of a contract entered into with

himself, and was allowed to recover damages on behalf of a partnership which he had formed with another to exploit the contract. Also in **Torian vs. Weeks**, cited in the Lejeune Case, the circumstances were similar and the ruling the same.

In **Hanton vs. N. O. & C. R., Light & Power Co., 124 La. 562**, plaintiff had suffered a loss through fire caused by defendant's negligence. She was reimbursed for part of her loss by certain insurance companies, which under the terms of the policies were subrogated to her rights **pro tanto**. Nevertheless she was allowed to recover to the whole amount of the loss from defendant.

In all of these cases the defendants strongly urged that there were no proper parties plaintiff before the court, but it was shown that the suits were duly authorized by the real parties in interest and were in fact brought for their account, and accordingly the suits were maintained.

Along the same line are also the rulings in some older cases, notably in **Moore & Browder**, for the use of **Alter vs. Bres, 18 An. 483**, and **Smith vs. Atlas Steam Cordage Co., 41 An. p. 1.**

The general doctrine which we gather from these cases is that where a suit is brought for the use of the real parties in interest by a plaintiff duly authorized to bring it, and where the defendant is not deprived of any of his means of defense and will be protected by the judgment, the action will be maintained notwithstanding that technically the party before the court may not be strictly the proper plaintiff in the case.

The judgment appealed from is correct and should be affirmed.

November 21, 1910.

Rehearing refused December 19, 1910.

Writ denied by Supreme Court January 17, 1911.